# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California Limited Liability Company,<br><br>Petitioner,<br><br>v.<br><br>RONALD HALL, doing business as Festival Films and Fesfilm.com,<br><br>Respondent. | Case No. 22-MC-0037 (JFD)<br><br>**ORDER** |

Petitioner Beyond Blond Productions, LLC ("Beyond Blond") filed its Motion to Compel Respondent Ronald Hall's Compliance with Subpoenas on July 1, 2022 (Dkt. No. 1). This case is a spinoff of a larger case, *Beyond Blond Productions, LLC, v. Edward Heldman, III, et al.*, Case No. 2:20-CV-5581 (DSF/GJSx) (C.D. Cal. 2020), in which Ronald Hall, doing business as Festival Films and Fesfilm.com, is a third-party witness. (Pet'r's Mem. Supp. at 2, Dkt. No. 3.) This parent case concerns claims of copyright infringement under the Digital Millennium Copyright Act ("DMCA") between parties who dispute the rights to create and post videos of, and information about, cartoon classics, including some cartoons produced by Mr. Hall. (*Id.*) Specifically, Beyond Blond argues that "[Mr.] Hall conspired with Defendants to eliminate competition by filing baseless intellectual property takedown notices of public domain cartoons." (*Id.* at 1.)

In this action, Beyond Blond alleges that it issued two Subpoenas to Mr. Hall pursuant to Federal Rule of Civil Procedure 45 commanding him to (1) produce documents (or a

privilege log describing any redacted or withheld documents, and upon what basis they are redacted/withheld), and (2) appear for a deposition, but that—despite agreeing to comply—Mr. Hall has done neither. (*Id.* ¶¶ 1–5.) Beyond Blond's Motion requests that this Court order Mr. Hall "to produce all documents responsive to request numbers 1, 2, 3, 4, 5, 7, and 8 and an order compelling him to appear for his deposition." (*Id.* at 1.) Beyond Blond's counsel states that, despite attempts to meet-and-confer in good faith to resolve the parties' disagreements regarding these Subpoenas, it has been repeatedly told by Mr. Hall's counsel that discovery was forthcoming and deposition dates would be proposed, yet complete productions accompanied by a privilege log and proposed deposition dates have never arrived. (Pet'r's Mem. Supp. at 5–7; First Meet-and-Confer Statement at 2, Dkt. No. 5; *see also* Second Meet-and-Confer Statement ¶¶ 1–8, Dkt. No. 25.)

In response to Beyond Blond's Motion, on July 21, 2022, Mr. Hall filed an opposition brief in which he claims that, although Beyond Blond has called "Mr. Hall's counsel . . . a liar[,]" "[i]t is Movant's Counsel who left out key facts." (Resp't's Mem. Opp'n at 1, Dkt. No. 20.) Mr. Hall's counsel states that Mr. Hall has produced everything agreed upon in response to Requests for Production ("RFP") Nos. 1–5 and 7–8; that Mr. Hall's advanced age has created some difficulties in using technology to search for documents; and that it is Petitioner's counsel that has failed to provide deposition dates for Mr. Hall's deposition. (*Id.* at 2.) Mr. Hall asks the Court to disregard Petitioner's "tactics" and "order that Beyond Blond's counsel cooperate with Mr. Hall's Counsel to accomplish the deposition by Zoom, and to stop delaying and using this Court's resources." (*Id.* at 2–3.)

After reviewing the parties' filings, the Court issued an Order on July 22, 2022, requiring that the parties engage in further meet-and-confers to discuss specific deficiencies in Mr. Hall's production, and to find a mutually agreeable date on which to schedule Mr. Hall's deposition. (July 22 Order, Dkt. No. 23.) After such further conferrals, the Court ordered Beyond Blond to file "an updated meet-and-confer statement identifying any remaining areas of dispute, or notifying the Court that the motion has been resolved." (*Id.*)

Accordingly, on August 12, 2022, Beyond Blond's counsel filed a Second Meet-and-Confer Statement. (Dkt. No. 25.) Beyond Blond's counsel states that a week after filing its Motion to Compel, Mr. Hall provided a series of documents that appear to be responsive to RFP Nos. 4–5 and 7–8, but not RFP Nos. 1–3—although Beyond Blond's counsel notes that the documents were not accompanied by any "cover letter or further statement/representation as to which Requests . . . the documents were in response to." (*Id.* ¶¶ 1–2.) Beyond Blond's counsel submits that, in response to the Court's July 22 Order, it made repeated attempts to meet-and-confer with Mr. Hall's counsel on July 28, August 2, and August 5. (*Id.* ¶¶ 3–8.) According to Beyond Blond's counsel, Mr. Hall's counsel responded on August 1 and stated he would review Beyond Blond's document production concerns, but did not make himself available for a meeting with opposing counsel. (*Id.* ¶ 4.) Beyond Blond's counsel also states that on August 3, Mr. Hall's counsel stated he would work on both scheduling Mr. Hall's deposition, and on identifying previous productions responsive to RFP Nos. 1, 2, and 3, but again ignored the request to schedule a meeting with Beyond Blond's counsel. (*Id.* ¶ 6.) Despite Mr. Hall's counsel giving the appearance of a good faith willingness to resolve these outstanding discovery disputes, Beyond Blond's counsel attests that it has neither received

3

clarification on RFP Nos. 1–3, nor has Mr. Hall's counsel provided any proposed dates for Mr. Hall's deposition. (*Id.* ¶ 9.) Thus, the following issues remain unresolved: (1) Mr. Hall's apparent failure to produce any documents responsive to RFP Nos. 1–3; (2) whether the documents produced are the entirety of Mr. Hall's productions in response to RFP Nos. 1–5 and 7–8; (3) whether any documents have been withheld, and if so, upon what basis, such as privileges or doctrines captured in a privilege log; and (4) a date upon which Beyond Blond may depose Mr. Hall. (*Id.* ¶ 10.)

## I. LEGAL STANDARD

Resolution of the issues in this Motion requires consideration of Federal Rules of Civil Procedure 26 and 45.

### A. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 entitles parties to liberal discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts construe the scope of Rule 26(b)(1) broadly; however, "broadly" is not synonymous with "limitless"; a party can only discover what is relevant to the actual claims or defenses that are at issue. *See Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. Apr. 26, 2021).

The party that seeks discovery has the burden of making a threshold showing that the information sought is relevant to the claims or defenses in the case. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Then, "the party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D.

4

Minn. Sept. 6, 2016) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa Nov. 22, 2000)).

Beyond being relevant, Rule 26 requires that information sought in discovery also be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors important to a court's proportionality analysis include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

### B. Federal Rule of Civil Procedure 45

Under Rule 45, a subpoena may command the production of "documents, electronically stored information, or tangible things" and "requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a privilege applies." *Keefe v. City of Minneapolis*, No. 9-CV-2941 (DSD/SER), 2012 WL 7766299, at *3 (D. Minn. May 25, 2012) (citing Fed. R. Civ. P. 26(b)(1), 34(c)). However, "a party's ability to use a subpoena . . . is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)" (which lays out the factors important to a court's proportionality analysis noted above in the previous paragraph). *Wilmas v. Renshaw*, No. 4:20-CV-01020 (SEP), 2021 WL 1546142, at *2 (E.D. Mo. Apr. 20, 2021) (quoting *Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006)). Under Rule 26(b)(1) as applied to a nonparty Rule 45 subpoena, "discovery may not be had on matters irrelevant to the subject

matter involved in the pending action," and—even where discovery is relevant—"'discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis omitted)).

Beyond the requirements of Rule 26, Rule 45 also imposes an additional layer of proportionality safeguards, which courts are directed to enforce: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena [,]" and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). Moreover, Rule 45 provides that a court shall quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c). However, not every burden or expense will prompt a court to quash or modify a subpoena; some inconveniences sustained by a nonparty to comply with a subpoena will not amount to disproportionate burdens or expenses. *See Cedar Rapids Lodge & Suites, LLC v. Seibert*, No. 14-CV-4839 (SRN/KMM), 2018 WL 3019899, at *2 (D. Minn. June 18, 2018) (quoting *Honda Lease Trust v. Middlesex Mut. Assur. Co.*, No. 3:05-CV-1426 (RNC), 2008 WL 349239, at *5 (D. Conn. Feb. 6, 2008) ("'Typically, a non-party is required to absorb the costs of complying with a subpoena . . . . Generally, reimbursement only occurs where the costs are great or the document demand unreasonably broad.'")).

## II.  DISCUSSION

The Court will first consider the disputed RFPs in Beyond Blond's Motion, then turn to the as-yet-unscheduled deposition of Mr. Hall, before closing with a consideration of appropriate sanctions.

### A.  RFP Nos. 1–5 and 7–8

The questions before this Court concerning Beyond Blond's RFPs are: (1) whether Beyond Blond has made the required threshold showing of relevance for RFP Nos. 1–5 and 7–8; if yes, (2) whether Respondent has met its burden to show the information is actually irrelevant, or that the burden and expense of producing it is disproportional; (3) whether Beyond Blond has taken reasonable steps to avoid imposing undue burden or expense on Respondent while requesting this information; and (4) whether the undue burden, if any, requires this Court to quash or modify the Subpoena. The Court will take each question in turn.

#### 1.  Beyond Blond's Burden to Demonstrate Threshold Relevance

Beyond Blond argues that its discovery requests at issue are relevant to the larger, parent action in California because they relate to Mr. Hall's involvement in the allegedly baseless decision to invoke DMCA and issue takedown notices of the disputed materials. (Pet'r's Mem. Supp. at 8.) These RFPs read as follows:

 1) YOUR DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF, Michelle Justice, BB Productions, or PLAINTIFF's CARTOON CLASSICS VIDEOS, from January 2015 to present.

 2) DOCUMENTS and COMMUNICATIONS YOU received from any of the DEFENDANTS or their Counsel RELATING TO PLAINTIFF,

    Michelle Justice, BB Productions, or PLAINTIFF's CARTOON CLASSICS VIDEOS, from January 2015 to present.

3)  DOCUMENTS RELATING TO DEFENDANTS, including purchases of videos or cartoons from YOU and payments RELATED thereto.

4)  COMMUNICATIONS between YOU and DEFENDANTS.

5)  YOUR DOCUMENTS AND COMMUNICATIONS RELATING TO DEFENDANS [sic] and takedown notices, including DMCA and trademark takedown notices.

6)  [omitted because Beyond Blond withdrew this request]

7)  YOUR DOCUMENTS AND COMMUNICATIONS RELATING TO agreements with DEFENDANTS, including agreements not to sell public domain videos or cartoons to other PERSONS.

8)  YOUR DOCUMENTS AND COMMUNICATIONS RELATING TO DEFENDANTS and public domain videos, including Warner Bros. cartoons.

(*Id.* at 4 (emphases in original).)

  The Court finds that Beyond Blond has met its threshold burden to demonstrate that the RFPs in question seek discovery that is relevant. The seven RFPs at issue seek documents and communication that will show Mr. Hall's involvement—if any—with the Plaintiff and Defendants in the parent case relating to an alleged conspiracy to use the enforcement of intellectual property rights to eliminate competition.

### 2.  Mr. Hall's Arguments Concerning Irrelevance

  Mr. Hall raises one argument regarding relevance: that Mr. Hall has searched for and produced what is responsive to RFP Nos. 1–5 and 7–8, and has "actually provided more documents than what Counsel agreed to." (Resp't's Mem. Opp'n at 2.) Mr. Hall seems to thus concede that all seven RFPs at issue are relevant. However, based on Beyond Blond's

Memorandum, there are still open questions about what remains to be produced by Mr. Hall, and those questions have not been resolved during the meet-and-confer process on this Motion. (Pet'r's Mem. Supp. at 9–10.) Moreover, despite Mr. Hall's allegedly withholding some materials based on claims of privilege—and agreeing to produce a privilege log—Beyond Blond claims that no privilege log has been produced. (*Id.* at 9.) Thus, the Court concludes that the RFPs in question seek relevant materials about the claims alleged in the California parent action, and Mr. Hall has raised no convincing argument that such materials are, instead, irrelevant.

### 3. Mr. Hall's Arguments that the Discovery Sought is Disproportionate

Mr. Hall makes no express argument concerning any alleged disproportionality of the discovery sought in this Motion. Instead, his counsel claims that after Beyond Blond filed its Motion to Compel on July 1 and Mr. Hall provided some documents to Beyond Blond (presumably those provided on July 7, *see* Second Meet-and-Confer Statement ¶ 1), Mr. Hall's counsel contacted Beyond Blond's counsel "regarding the continued waste of this Court's resources and costs to the parties for maintaining this proceeding," but that Beyond Blond's counsel, "[i]n an obvious tactic to drain this Court's resources and incur costs and fees, . . . failed to . . . dismiss or stay this proceeding[.]" (Resp't's Mem. Opp'n at 2.) Such an argument lacks credibility. The Court ordered additional meet-and-confers to encourage the parties to resolve or narrow their disputes, but such conferrals have not resulted in a partial or full resolution of any remaining disputes, any additional productions and/or a privilege log from Mr. Hall, or any willingness on the part of Mr. Hall's counsel to meet with

9

Beyond Blond's counsel. (Second Meet-and-Confer Statement ¶¶ 4–9.) As the undersigned states in his practice pointers,

> [t]he meet-and-confer requirement of the Local Rules is intended to lead to a meaningful, pre-motion-filing exchange of views between the parties to a lawsuit, and, if possible, to a full or partial resolution of the matter(s) that are the subject of a contemplated motion. Neither a desultory, pro forma conversation, nor letter-writing or email campaigns satisfy the letter—or the spirit—of the meet-and-confer requirement of the Local Rules.

Magistrate Judge Docherty's Practice Pointers at 3, https://www.mnd.uscourts.gov/sites/mnd/files/JFD.pdf. Therefore, considering Respondent's argument and the proportionality factors listed under Rule 26(b)(1), the Court finds that Mr. Hall raises no credible argument that, were the Court to grant Beyond Blond's Motion, such an Order would result in disproportionate discovery productions.

### 4. The Sufficiency of Beyond Blond's Steps Taken to Avoid Undue Burden on a Nonparty Under Rule 45

Rule 45 requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena [,]" and "[t]he court for the district where compliance is required must enforce this duty . . . ." Fed. R. Civ. P. 45(d)(1). The parties make no express argument on this point. Based on the meet-and-confer process as articulated by the parties, Beyond Blond has offered to further limit some RFPs, and has wholly withdrawn RFP No. 6. (Pet'r's Mem. Supp. at 5; Resp't's Mem. Opp'n at 2.) Therefore, the Court finds that Beyond Blond has taken adequate actions to avoid burdening Mr. Hall as a third-party witness, and that there is no undue burden that requires this Court to quash or modify the related Subpoena.

### 5. Holding

Beyond Blond's Motion is granted as to the RFPs in dispute. Petitioner seeks relevant evidence in RFP Nos. 1–5 and 7–8 that is proportional to the needs of the case, even considering that Mr. Hall is a third-party witness in the parent action and not a plaintiff or defendant. Therefore, **within fourteen (14) days from the date of this Order**, Mr. Hall is ordered to produce all documents responsive to RFP Nos. 1–5 and 7–8 of the Subpoena issued to him by Beyond Blond. For any documents that are withheld entirely, or are partially redacted, Mr. Hall is ordered **by that same deadline** to produce a privilege log that meets both the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) and this District's requirements for adequate descriptions of the withheld or redacted materials contained within such a log. *Compare Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.*, No. 10-CV-4948 (JRT/JJG), 2014 WL 2865900, at *10 (D. Minn. June 24, 2014) (discussing several cases finding that privilege logs were adequate when they included certain typical categories such as the document's identification, type, source, recipients, date, description, and the privilege claimed); *with Regents of the Univ. of Minnesota v. United States*, No. 17-CV-3690 (DSD/ECW), 340 F.R.D. 293, 306 (D. Minn. 2021) (finding descriptions such as "Discussing draft documents prepared in anticipation of litigation RE: revisions to Work Plan and FSP per MPCA Comments" and "Discussion of strategy in anticipation of litigation RE: public meeting" adequate under Rule 26(b)(5)(A) where the dates of communication and senders/recipients were identified); *and Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-CV-3103 (SRN/FLN), 2015 WL 9861106, at *3 & n.1 (D. Minn. Oct. 5, 2015) (finding descriptions such as "Legal advice re license," "Legal advice re

intellectual property," and "Legal advice re litigation" insufficient, but more detailed descriptions adequate), *objs. overruled*, 2016 WL 6774229 (D. Minn. Nov. 15, 2016).

### B.  Mr. Hall's Deposition

Federal Rule of Civil Procedure 30 contemplates that a deponent may be compelled to attend a deposition by a subpoena served according to Rule 45. Fed. R. Civ. P. 30(a)(1). The parties do not dispute that a deposition for Mr. Hall must occur. Mr. Hall failed to appear for the first Subpoena-noticed deposition on May 20, 2022, claiming that a 10-day notice period did not provide him with enough time to obtain counsel and prepare for his testimony. (Pet'r's Mem. Supp. at 4–5.) Beyond Blond documents that it has repeatedly requested deposition dates from Mr. Hall since that time, but that—to date—no set of proposed dates has been provided. (Second Meet-and-Confer ¶¶ 3, 5–9.) Mr. Hall's counsel claims that Mr. Hall is ready and willing to be deposed and that it is Beyond Blond's counsel that has been slow to provide a proposed deposition date. (Resp't's Mem. Opp'n at 2.)

It is now mid-August, and despite additional meet-and-confer attempts to schedule Mr. Hall's deposition undertaken by Beyond Blond at the Court's direction, no date is currently set. Beyond Blond's Motion is granted as to Mr. Hall's deposition. Beyond Blond contends that it needs to receive Mr. Hall's discovery productions before it can conduct Mr. Hall's deposition. (*Id.* at 11.) Therefore, **not before fourteen (14) days from the date of this Order**, but **not later than thirty (30) days from the date of this Order**, Mr. Hall is hereby ordered to appear for a deposition at a location and via a medium of the parties' agreement. Mr. Hall is also warned that failure to appear for a scheduled deposition a second time may result in serious sanctions for noncompliance with this Court's order.

### C. Award of Fees and Costs

Finally, the Court holds that sanctions are appropriate in this matter. When a party's motion to compel

> is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Such an award will not be ordered, however, where the movant did not attempt to meet-and-confer in good faith first, or the opposing party's position was substantially justified, or some other circumstance makes an award unjust. (*Id.*)

No such mitigating circumstances are present here, and the Court holds that an award of fees and costs is warranted. Beyond Blond's Motion is wholly granted, and despite Beyond Blond's counsel's multiple attempts to meet-and-confer with Mr. Hall's counsel, Mr. Hall's counsel has not fulfilled repeated promises to resolve the disputes in Petitioner's Motion to Compel. Mr. Hall's remonstrations that the Court's resources should be carefully conserved would carry more weight if he had made this Motion unnecessary by demonstrating some willingness to meet with Beyond Blond's counsel and offer more than empty assurances that the disputes discussed in Petitioner's Motion would be addressed at some future point. Finding that Mr. Hall's position is not substantially justified, and that no other circumstances make an award of expenses unjust, the Court hereby orders Mr. Hall's counsel to pay $500 of Beyond Blond's attorneys' fees and expenses in filing its Motion to Compel **within 60 days of the date of this Order.**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Beyond Blond Productions, LLC's Motion to Compel Compliance with Subpoenas Issued to Ronald Hall d/b/a Festival Films and Fesfilm.com (Dkt. No. 1) is **GRANTED**;

2. Respondent Ronald Hall shall comply with Petitioner's Subpoenas according to all imposed deadlines as detailed in this Order; and

3. Sanctions are imposed against Respondent Ronald Hall's counsel, who shall pay $500 of Beyond Blond's attorneys' fees and expenses in litigating this Motion to Compel.

Date: August 17, 2022     *s/ John F. Docherty*
   JOHN F. DOCHERTY
   United States Magistrate Judge